IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAYVON JAYSON KEITT, | : Civil No. 3:22-cv-173 |
| Petitioner | : (Judge Mariani) |
| v. | : |
| WARDEN J. SAGE, | : |
| Respondent | : |

## MEMORANDUM

Petitioner Jayvon Jayson Keitt ("Keitt"), an inmate confined at the Federal Correctional Institution, Schuylkill, in Minersville, Pennsylvania ("FCI-Schuylkill"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Keitt seeks an Order directing the Federal Bureau of Prisons ("BOP") to award him earned time credit pursuant to the First Step Act. (*Id.* at p. 8). For the reasons set forth below, the Court will dismiss the habeas petition based on Keitt's failure to exhaust his administrative remedies

### I.    Background

On January 24, 2020, Keitt pled guilty to conspiring to distribute, and possess with intent to distribute, 28 grams and more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, in the United States District Court for the Southern District of New York. *United States v. Keitt*, No. 20-cr-66 (S.D.N.Y.). On August 6, 2020, Keitt was sentenced to 60 months' imprisonment, followed by five years of supervised release. (Doc.

9-1, pp. 5-7, Public Information Inmate Data). His projected release date is September 14, 2023, *via* good conduct time. (*Id.*).

In the instant habeas petition, Keitt alleges that BOP has failed to apply his earned time credits based on his completion of programs and activities under the First Step Act. (Doc. 1, pp. 6-7). Keitt acknowledges that he has not exhausted his administrative remedies because "the process of filing grievance will prove futile & frivolous." (*Id.* at pp. 2-4).

The Administrative Remedy Generalized Retrieval demonstrates that Keitt has not filed any administrative remedies regarding time credits under the First Step Act. (Doc. 9-1, pp. 8-14). Respondent thus argues that the habeas petition must be dismissed based on Keitt's failure to exhaust his administrative remedies before initiating this action. (Doc. 9). The petition is ripe for resolution.

## II. Discussion

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to

correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id.* at 762. However, exhaustion is not required when it would not promote these goals, such as when exhaustion would be futile. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (2005). If an issue raised by the inmate cannot be resolved through this administrative remedy system, the BOP will refer the inmate to appropriate statutorily mandated procedures. 28 C.F.R. § 542.10(c). The system first requires an inmate to present their complaint to staff before filing a request for administrative relief, which staff shall attempt to informally resolve. 28

C.F.R. § 542.13(a).  If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date of the event or occurrence and the Warden shall provide a response within twenty calendar days.  28 C.F.R. §§ 542.14, 542.18.  If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days.  28 C.F.R. § 542.15(a).  The Regional Director has thirty calendar days to respond.  28 C.F.R. § 542.18.  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response.  28 C.F.R. § 542.15(a).  No administrative remedy appeal is considered fully exhausted until reviewed by the BOP's Central Office.  28 C.F.R. § 542.15(a).

The record reflects that Keitt did not file any administrative remedies seeking time credits pursuant to the First Step Act.  (Doc. 9-1, p. 4, Declaration of BOP Attorney Advisor Drew O. Inman, ¶ 9; Doc. 9-1, pp. 8-14, Administrative Remedy Generalized Retrieval).  Indeed, Keitt admits that he commenced the instant action without first exhausting the BOP's administrative remedy procedure regarding his claims for earned time credits under the First Step Act.  (Doc. 1, pp. 2-4).  Keitt failed to file a reply to Respondent's answer to the habeas petition and has not alleged any facts that would permit a finding that exhaustion would have been futile, he has not identified any BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or

4

advanced an argument that would permit this Court to find that exhaustion of his administrative remedies would subject him to irreparable injury. Additionally, he cannot avoid the exhaustion requirement by simply asserting that he regards the administrative remedy process as futile. Absent proper exhaustion, Keitt's claims are procedurally defaulted, and the habeas petition must be dismissed. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Keitt to invoke the judicial process despite failing to complete administrative review.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: April ___, 2022